IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| AMY C. STOKES,<br><br>    Plaintiff,<br><br>v.<br><br>TRANSTAR AUTOBODY<br>TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No.<br>Judge:<br>Magistrate Judge: |

## COMPLAINT

COMES NOW Plaintiff, by and through undersigned counsel, and alleges the following in her cause of action against Defendant for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, the Civil Rights Act of 1991, and the Tennessee Human Rights Act.

## PARTIES AND JURISDICTION

1. Plaintiff, Amy C. Stokes, ("Plaintiff") is a citizen and resident of Davidson, Tennessee.

2. Defendant, Transtar Autobody Technologies, Inc., is a for-profit organization that develops, produces, and markets products for the automotive aftermarket. It can be served through its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

3. All of the events complained of herein occurred in this Judicial District and the defendant is an entity contained herein, which gives rise to venue in this district, under 28 U.S.C. §1391(b).

4. This Court has jurisdiction over the lawsuit according to 28 U.S.C. §§ 451, 1331, 1337, and 1343. The Court has jurisdiction of the lawsuit in that it arises under Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5. The Court also has supplemental jurisdiction over the State Law Claim for discrimination under 28 U.S.C. 1367 as there is a common nucleus of operative facts between state and federal law claims.

## FACTS

5. Plaintiff is a female, hired by the Defendant territory manager on March 1, 2012. Plaintiff was one of two female territory managers out of approximately 60 males.

6. During Plaintiff's employment with Defendant, she witnessed Defendant engage in a pattern and practice of sexual discrimination against female employees in its hiring practices for territory managers.

7. Plaintiff was subjected to sexual harassment in the form of sex based comments and jokes from male employees.

8. During a regional sales meeting in Orlando, Florida, Plaintiff was again subjected to sexual harassment through sex based jokes at a company dinner with Human Resources Tim Cornelius ("Mr. Cornelius").

9. Even though Mr. Cornelius observed this harassment first-hand through reasonable observation, he took no corrective action.

10. Towards the end of 2013 Plaintiff was encouraged by management to be creative in marketing herself so she produced a calendar featuring photographs of herself, which she sent to her customers.

11. In January 2014, Plaintiff was called to a meeting with Mr. Cornelius. During this meeting, she was instructed to collect all of the calendars that she had distributed.

12. Plaintiff collected every calendar that she distributed immediately following the January 2014 meeting.

13. In February 2014 Plaintiff was notified by Mr. Cornelius that she was being terminated because the calendars were inappropriate. During this meeting, Plaintiff was informed that Defendant would offer her four weeks of severance pay.

14. Plaintiff worked alongside a male employee who also produced a calendar with photographs of himself, however, he was not required to retrieve his calendars nor was he terminated.

15. Plaintiff retained an attorney because she felt she had been discriminated against on the basis of her gender. In March 2014, Plaintiff's attorney contacted Defendant regarding her termination and shortly after, Plaintiff was called into a meeting with Mr. Cornelius.

16. During the March 2014 meeting with Mr. Cornelius, Plaintiff was notified that her severance offer was withdrawn, and her travel expense benefits that she had incurred during her employment were denied.

17. Mr. Cornelius informed Plaintiff that she was discharged on May 7, 2014 due to the inappropriate calendars that she distributed to her customers.

18. Plaintiff avers that she was terminated on account of her gender, female, and for her complaints of gender discrimination.

## COUNT ONE
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
## 42 U.S.C. 2000e

19. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and received a Right to Sue letter.

20. Defendant has over 15 employees.

21. During all times complained of herein, Defendant was an employer under the terms of Title VII of the Civil Rights Act, 42 U.S.C. 2000e (b) and (f), and as such, is subject to the rules, regulations and penalties of this law.

22. Defendant engaged in, condoned, and ratified harassing, retaliating, and discriminatory conduct of its employees.

23. Defendant did segregate or classify Plaintiff based upon her gender in a way that would tend to deprive her of employment opportunities or otherwise adversely affect her status as an employee.

24. Defendant is directly and vicariously liable for gender discrimination, hostile environment, harassment, and retaliation under Title VII which results from the discriminatory practices and policies of its employees.

25. This discrimination on the part of Defendant constitutes a violation of the Plaintiff's rights under Title VII.

26. The discriminatory employment practices, described herein, have caused Plaintiff to experience harm, including loss of employment, wage back and front pay, and other employment benefits. Plaintiff has further suffered emotional distress, humiliation, indignity and resulting injury and loss along with other damages.

## COUNT TWO
## RETALIATION

27. Plaintiff alleges that the intentional acts and omissions as described herein by the Defendant constitute adverse employment actions of retaliation under the common law of Tennessee which entitles her to compensatory damages in an amount to be determined, reinstatement, back pay, front pay, and attorney's fees and costs.

## COUNT THREE

## VIOLATIONS OF THE TENNESSEE HUMAN RIGHTS ACT

28. The conduct described herein constitutes unlawful discriminatory and retaliatory practices on the part of Defendant in violation of the Tennessee Human Rights Act, T.C.A. §4-21-101 *et seq.*

29. Defendant is directly and vicariously liable for hostile environment and harassment and retaliation in violation of the Tennessee Human Rights Act, T.C.A. §4-21-101 *et seq.*

30. Defendant is a "person" as defined by the Tennessee Human Rights Act.

31. Defendant did segregate or classify Plaintiff based upon her gender in a way that would tend to deprive her of employment opportunities or otherwise adversely affect his status as an employee in violation of T.C.A. §4-21-401.

32. As a direct and proximate result of Defendant's violation of the Tennessee Human Rights Act, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. That proper process issue be served upon the defendant and that the defendant be required to answer within the time prescribed by law.

2. The plaintiff receive compensatory damages, reinstatement, back pay, and front pay against the defendant in an amount supported by the proof in this cause.

3. That this Court grant a permanent injunction in joining the defendant, as officers, successors, assigns and all persons in active consort or participation with it, from engaging in employment practice which discriminates on the basis of disability.

4. That this matter be set for a trial by jury.

5. That the plaintiff be awarded his reasonable fees, costs, fees and expenses incurred herein.

6. For all such other general or specific relief to which the plaintiff may be entitled as the Court deems and as justice and equity require.

Respectfully submitted,
ANDY L. ALLMAN & ASSOCIATES

_____
Andy L. Allman, BPR No. 17857
131 Saundersville Road, Suite 110
Hendersonville, TN 37075
Telephone: (615) 933-0110
Facsimile: (615) 265-8766
andy@andylallman.com